**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**RICHARD BURTON, JR.,**

       **Plaintiff,**

**vs.**                                **CASE NO. 5:09CV274-RH/AK**

**PSYCHIATRIST RODRIQUEZ, et al,**

       **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action against three psychiatrists, two of whom are at Apalachee Correctional Institution and one at Zephyrhills CI, and asserts claims of "rape, cruel and unusual punishment, involuntary servitude, due process, negligence, culpable, mental anguish, stress and oppression." (Doc. 11). He alludes to hexes by witches, the "spirits and flesh of females," and that President Obama and Chief Justice Roberts have his DNA samples "out of my saliva from women and particles." He has also filed a motion requesting that the Court release him from custody with a guardian, which includes an affidavit from him declaring that he is plagued by spirits similar to those who plagued the "little boy" in the movie, "The Exorcist." (Doc. 10).

The Supreme Court in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the

action was frivolous or malicious.[1] <u>Neitzke</u> recognized two types of cases which may be dismissed, *sua sponte*. In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless." *Id.* Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit. Within the latter are those cases describing scenarios clearly removed from reality. <u>Cofield v. Alabama Public Service Comm'n</u>, 936 F.2d 512 (11th Cir. 1991)(a judge conducting a frivolity review under section 1915 is not required to assume the truth of the allegations and may dismiss summarily those claims deemed "far-fetched" and "fantastic").

Not only does Plaintiff fail to explain the constitutional claims at issue in his factual allegations, he does not explain any relationship between the facts alleged and the named defendants. The complaint and other papers before the Court are persuasive that Plaintiff's claims are not based in reality and that this cause should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc. 11) be **DISMISSED** as frivolous under 28 U.S.C. §1915(e).

**IN CHAMBERS** at Gainesville, Florida, this *3rd* day of December, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.

**No. 5:09cv274-RH/AK**

**<ins>NOTICE TO THE PARTIES</ins>**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 5:09cv274-RH/AK**